UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**RANDAL LEE BRYSON,**

    **Movant,**

v.                                                  **Case No. 5:13-cv-20956**
                                                         **Case No. 5:01-cr-00029-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**O R D E R**

On March 13, 2001, Movant, Randal Lee Bryson, pled guilty, pursuant to a written plea agreement, to one count of robbery, in violation of 18 U.S.C. § 2114(a) and one count of use or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On September 4, 2001, Movant was sentenced to a total of 284 months in prison (200 months on the robbery count and a consecutive 84-month sentence on the 924(c) count). Movant did not appeal his conviction or sentence.

On July 25, 2013, Movant acting *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 71). The initial section 2255 motion raised a single ground for relief asserting that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013), which held that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," has resulted in his sentence being unlawful because he received a sentencing enhancement under section 4B1.1 of the United States Sentencing Guidelines (the "career offender" enhancement") that was not charged

in his indictment and was not found beyond a reasonable doubt by a jury or admitted by him. Movant further asserts that the *Alleyne* decision is a new substantive rule that has been made retroactively applicable on collateral review and that his section 2255 motion is timely under 28 U.S.C. § 2255(f)(3).

### *Motion to Hold in Abeyance and Motion to Strike*

Pending before the court is Movant's Motion to Hold in Abeyance (ECF No. 76), in which Movant requested that the court withhold taking any action on this matter pending his filing of an amended section 2255 motion. Then, on August 22, 2013, Movant filed a Motion to Strike his Motion to Hold in Abeyance (ECF No. 79), indicating that he no longer anticipated filing an amended motion. However, Movant has subsequently filed several motions to amend his section 2255 motion which are addressed below.

It is hereby **ORDERED** that Movant's Motion to Strike his Motion to Hold in Abeyance (ECF No. 79) is **GRANTED**. It is further **ORDERED** that the Motion to Hold in Abeyance (ECF No. 76) is **STRICKEN** from the record.

### *Motion to Correct Footnote*

Also pending before the Court is Movant's Motion to Correct Footnote Number One on Page Seven of his section 2255 motion (ECF No. 78), in which Movant seeks to amend or correct certain typographical errors in footnote 1 of the written attachment to his section 2255 motion form (*see* ECF No. 71 at 20 of 24). It is hereby **ORDERED** that the Movant's Motion to Correct Footnote Number One on Page Seven of his section 2255 motion (ECF No. 78) is **GRANTED** to the extent that the amendments addressed in ECF No. 78 are considered to be made to footnote one on page seven of the attachment to the 2255 motion form found in ECF No. 71 at page 20 of 24.

### *Motions to Amend Section 2255 Motion and Stay of Case*

On June 15, 2014, citing, *inter alia*, to *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014)[1], Movant filed a Motion to Amend his Section 2255 Motion (ECF No. 83) in which he sought to include claims that the erroneous application of the career offender enhancement to his sentence violated his right to due process and resulted in a fundamental miscarriage of justice, and that his counsel provided ineffective assistance of counsel for failing to investigate the law and facts with respect to the predicate offenses that were used to find that he was a career offender, which affected the calculation of his criminal history category.

On June 14, 2016, the Federal Public Defender was appointed to represent Movant to determine whether Movant may qualify for relief in light of the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015). On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257, 194 L. Ed.2d 387 (2016), holding that its ruling in *Johnson* is a new rule of constitutional law that is retroactively applicable on collateral review.

On June 24, 2016, the Federal Public Defender, as counsel for Movant, filed a Second Motion to Supplement the Movant's Section 2255 Motion (ECF No. 89) and a Memorandum in support thereof (ECF No. 90), asserting that, in light of *Johnson* and its progeny, his conviction under 18 U.S.C. § 924(c) is void and that he no longer qualifies as a career offender.

On June 29, 2016, being unaware that the Federal Public Defender had been appointed to represent him to present a *Johnson* claim, Movant filed another *pro se*

---

[1] *Whiteside* was subsequently reversed by the Fourth Circuit after rehearing *en banc*. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014).

3

Motion to Amend his Section 2255 Motion (ECF No. 91) and an "Amended Motion" (ECF No. 92) in which he raises a *Johnson*-based claim. (ECF Nos. 91 and 92). However, after realizing that the Federal Public Defender had already filed a Motion to Amend and a Memorandum addressing the *Johnson* claim, Movant filed a *pro se* Letter-Form Motion to Withdraw the Motion to Amend contained in ECF No. 91. All of these motions remain pending.

It is hereby **ORDERED** that Movant's first *pro se* Motion to Amend his Section 2255 Motion (ECF No. 83) is **GRANTED** and the Court shall consider the Amended Motion contained in Attachment No. 1 thereto as part of Movant's Amended Section 2255 Motion.

It is further **ORDERED** that the Second Motion to Supplement the Section 2255 Motion (ECF No. 89), which was filed by counsel, is **GRANTED** and the Court shall consider counsel's Memorandum contained in ECF No. 90 as part of Movant's Amended Section 2255 Motion.

It is further **ORDERED** that Movant's *pro se* Letter-Form Motion to Withdraw his *pro se* Motion to Amend (ECF No. 93) is **GRANTED** and the Motion to Amend contained in ECF No. 91 shall be terminated. It is further **ORDERED** that the documents contained in ECF Nos. 91 and 92 are **STRICKEN** from the record.

The Court **FINDS** that a stay of this matter is warranted to provide an opportunity for the United States of America to fully respond to all of Movant's claims for relief. Accordingly, it is hereby **ORDERED** that this matter is **STAYED** pending the conclusion of the briefing schedule set forth below and further Order of the Court. The Clerk is directed to remove this case from the Court's active docket.

<u>*Briefing Schedule*</u>

Pursuant to the provisions of Rule 5, Rules Governing Section 2255 Proceedings, it is hereby **ORDERED** that the United States shall file its Answer to Movant's Amended Section 2255 Motion (consisting of the claims addressed in ECF Nos. 71; 83 Attach. No. 1; and 90) and shall file copies of any transcripts and exhibits as may be relevant, by **November 30, 2016.** It is further **ORDERED** that Movant's reply, if any, shall be filed by **December 30, 2016**.

The Clerk is directed to mail a copy of this Order to Movant, and to transmit it to counsel of record.

ENTER: September 29, 2016

_____
Dwane L. Tinsley
United States Magistrate Judge