IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RANDAL LEE BRYSON,**

  **Movant,**

v.                  Case No. 5:13-cv-20956
                   Case No. 5:01-cr-00029

**UNITED STATES OF AMERICA,**

  **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

  As previously ordered, this matter is proceeding on Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed on July 25, 2013 (ECF No. 71), as well as his amended § 2255 motion, filed on June 5, 2014 (ECF No. 83-1), the supplemental memorandum filed by counsel on June 24, 2016 (ECF No. 90), and the supplemental memorandum filed by counsel on March 23, 2017 (ECF No. 100) (collectively referred to as Movant's "amended motion"). By Standing Order, Movant's amended motion is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL AND PROCEDURAL BACKGROUND**

  A.  **Criminal Action No. 5:01-cr-00029**

  On March 13, 2001, Movant, Randall Lee Bryson (hereinafter "Defendant") pled guilty, pursuant to a written plea agreement, to one count of armed postal robbery, in violation of 18 U.S.C. § 2114(a) (Count One of the indictment), and one count of

brandishing a firearm during a federal crime of violence (the armed postal robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two of the indictment).  (ECF Nos. 5, 31-33).  According to Respondent's Response, Defendant's convictions stemmed from a January 2001 crime spree that involved at least two armed robberies and a five-mile police chase in Baltimore, Maryland.  (ECF No. 98 at 2).  One of the armed robberies occurred at the Glen Daniel, West Virginia Post Office, during which Defendant entered the post office, showed the postmaster a firearm, and demanded money, blank money orders, and the money order machine.  Defendant threatened to hurt the postmaster if she did not do as he said and told her to delay calling the police.  (*Id.*)

On September 4, 2001, Defendant was sentenced to an aggregate term of imprisonment of 284 months (200 months on Count One and a consecutive 84 months on Count Two), followed by a five-year term of supervised release.  A Judgment to that effect was entered on September 7, 2001.  (ECF No. 43).  Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.  Therefore, his Judgment became final on or about September 17, 2001.

**B.     First Section 2255 Motion (Case No. 5:07-cv-00045)**

On January 22, 2007, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  However, that motion was construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and was transferred to the United States District Court for the District of Maryland, where Defendant was then incarcerated.  Thus, that motion/petition does not count as a first § 2255 motion.

### C.     The Instant § 2255 Motion (Case No. 5:13-cv-20956)

On July 25, 2013, Defendant acting *pro se*, filed another Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 71). His initial § 2255 motion raised a single ground for relief asserting that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," has rendered his sentence unlawful because he received an enhancement under § 4B1.1 of the United States Sentencing Guidelines (the "career offender enhancement") that was not charged in his indictment and was not found beyond a reasonable doubt by a jury or admitted by him. Defendant further asserts that the *Alleyne* decision is a new substantive rule that has been made retroactively applicable on collateral review and, therefore, his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3).

Defendant was subsequently permitted to file an amendment to his § 2255 motion (ECF No. 83-1) which includes claims that the erroneous application of the career offender enhancement to his sentence violated his right to due process and resulted in a fundamental miscarriage of justice. He further asserts that his counsel provided ineffective assistance of counsel for failing to investigate the law and facts with respect to the predicate offenses that were used to find that he was a career offender, which also affected the calculation of his criminal history category. Defendant's Amended Section 2255 Motion relies on *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014).[1]

---

1  *Whiteside* was reversed on rehearing en banc. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014).

On June 14, 2016, the Federal Public Defender ("FPD") was appointed to represent Defendant with respect to determining whether he qualifies for relief under the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257, 194 L. Ed.2d 387 (2016), holding that its ruling in *Johnson* is a new rule of constitutional law that is retroactively applicable on collateral review.

On June 24, 2016, the FPD, as counsel for Defendant, filed a second motion to supplement his § 2255 motion (ECF No. 89) and a memorandum in support thereof (ECF No. 90), asserting that, in light of *Johnson*, his conviction under 18 U.S.C. § 924(c) is void, and further asserting that he no longer qualifies as a career offender. On September 29, 2016, the undersigned United States Magistrate Judge entered an Order staying this matter pending briefing of the *Johnson* issues, and it has remained stayed awaiting the issuance of relevant decisions by the Supreme Court.

On November 30, 2016, Respondent filed a Response to Defendant's amended § 2255 documents and supplements. (ECF No. 98). On December 29, 2019, Defendant's counsel filed a reply concerning the *Johnson* claims. (ECF No. 99). On March 23, 2017, Defendant's counsel filed a supplemental memorandum. (ECF No. 100). The parties' briefs will be discussed as necessary *infra*.

On March 6, 2017, the Supreme Court issued its opinion in *Beckles v. United States*, 137 S. Ct. 886 (2017). *Beckles* examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id*. at 892. Instead, the Court found that

the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Additionally, on August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a Guideline sentence thereunder.

Finally, on June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which extended the vagueness analysis used in *Johnson* to the residual clause in 18 U.S.C. § 924(c)(3)(B). Thus, it is now clear that the residual clause in section 924(c)(3)(B) is void for vagueness and that a categorical approach must be applied to determine whether a crime under section 924(c) is a crime of violence. *See also United States v. Simms,* 914 F.3d 229, 233 (4th Cir. 2019) (en banc) (finding that the residual clause of section 924(c) is unconstitutionally vague).

In light of these decisions, this matter is now ready for resolution. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY** and return this matter to the active docket for final adjudication.

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the

latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

Movant's Judgment Order was entered on September 7, 2001, and his sentence became final ten days[2] later (on September 17, 2001) when he did not file a Notice of Appeal. Movant filed this initial § 2255 motion on July 25, 2013, nearly twelve years after his judgment became final. Thus, Movant's motion is clearly untimely under § 2255 (f)(1) and cannot be considered timely unless one of the other subsections of § 2255(f) applies to his claims. The undersigned will address each claim in turn.

### A. Defendant's *Alleyne* claim.

Defendant first relies on the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), to find his initial § 2255 motion timely under 28 U.S.C. § 2255(f)(3). Specifically, he states:

> Movant filed his present motion pursuant to § 2255(f)(3) seeking to assert the right recognized by the Supreme Court in *Alleyne v. United States*

---

[2] On March 26, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended from 10 days to 14 days. The amendment, however, did not become effective until December 1, 2009.

> decided June 17, 2013. Thus, the statute, § 2255(f)(3) extends the limitations period for the movant to file his § 2255(f)(3) motion to June 17, 2014. (See movant arguments set forth in his attachments to his § 2255(f)(3) motion attached hereto).

(ECF No. 71 at 12). Defendant further contends that, in *Alleyne*, the Supreme Court rendered a new substantive rule which is retroactively applicable on collateral review. He relies upon *Alleyne* to assert that the career offender enhancement was erroneously applied in his case because his predicate offenses were not charged in his indictment and proven beyond a reasonable doubt to a jury or admitted by him as part of his guilty plea.

In *Alleyne*, the Supreme Court, extended its rationale in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and held that any fact increasing the mandatory minimum penalty for an offense is an element of the offense that must be alleged in the indictment and proven beyond a reasonable doubt to a jury. 570 U.S. at 102. However, *Alleyne* establishes a new rule of criminal procedure, rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, * 2 (S.D. W. Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303 (1989).

Every court of appeals that has considered the issue, including the Fourth Circuit, has determined that *Alleyne* is not retroactive for purposes of collateral review. *See Jones v. Zych*, 812 F. App'x 115 (4th Cir. Apr. 23, 2020) ("[W]e join our fellow circuits in holding that *Alleyne*, like *Apprendi*, does not announce a watershed rule of criminal procedure, and thus does not apply retroactively to cases on collateral review under *Teague*.") (footnote containing other citations omitted). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's present § 2255 motion

may not be considered timely under § 2255(f)(3) based upon his *Alleyne* claim. Moreover, because *Alleyne*, as an extension of *Apprendi*, does not apply to enhancements based upon prior convictions, Defendant is not entitled to any collateral relief based on *Alleyne*. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's *Alleyne* claim is untimely and otherwise lacks merit.

      B.      **Defendant's *Whiteside* claim.**

In his amended § 2255 motion (ECF No. 83-1), Defendant contends that the career offender enhancement was erroneously applied in his case because the Probation Officer miscalculated his criminal history points based upon inaccurate information concerning his prior Maryland robbery convictions. Specifically, Defendant contends that his Presentence Investigation Report ("PSR") inaccurately stated that his two prior 1985 robbery convictions in Case Nos. 30, 265 and 30, 266 were related and/or consolidated for sentencing, resulting in the addition of one criminal history point under USSG 4A1.1(f), and further allowing the robbery conviction in Case No. 30, 266 to be counted as a predicate offense for the career offender enhancement. (ECF No. 83-1 at 5-11).

Defendant further contends that his counsel provided ineffective assistance because he failed to properly research Defendant's criminal history and failed to object to the calculation of his criminal history points and the application of the career offender enhancement. Consequently, Defendant further contends that he suffered a miscarriage of justice that should equitably toll the statute of limitations for such claims, as addressed in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *rev'd* 775 F.3d 180 (4th Cir. 2014).

After Defendant filed his amended motion based on the panel decision in *Whiteside*, the Fourth Circuit, sitting en banc, vacated the panel decision and affirmed the district court's dismissal of Whiteside's petition as untimely. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). The Supreme Court declined to grant certiorari. *Whiteside v. United States*, 135 S. Ct. 2890 (2015). In essence, this means that an otherwise untimely claim for collateral relief under § 2255 cannot be equitably tolled based upon a supposed miscarriage of justice.

Defendant's challenges to his criminal history category and the application of the career offender enhancement based upon his prior robbery convictions were available to him during the time that he could have filed a timely direct appeal or first § 2255 motion and he is not relying on any substantive change in the law that would permit him to now raise those claims. Therefore, those claims are untimely, and *Whiteside* does not provide an avenue for equitable tolling of the statute of limitations with respect to those claims. Accordingly, these claims are not reviewable in the instant § 2255 proceeding.

C. **Defendant's *Johnson*-based claims.**

Defendant, by counsel, has also asserted two claims grounded in the Supreme Court's decision in *Johnson v. United States*, 135 S, Ct. 2551 (2015). First, he claims that his sentence for his armed postal robbery conviction under 18 U.S.C. § 2114(a) is erroneous in light of *Johnson* because he does not have two prior convictions which meet the definition of a crime of violence to support the career offender enhancement under USSG §§ 4B1.1 and 4B1.2, and that he should be resentenced without that enhancement. Second, he argues that his conviction under 18 U.S.C. § 924(c)(1)(A) is void because his

9

armed postal robbery does not qualify as a crime of violence after *Johnson*. Therefore, he asserts that his conviction and sentence on Count Two are invalid and must be vacated.

1. Career offender enhancement

Defendant is clearly not entitled to relief on his *Johnson* claim concerning his career offender enhancement. He argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles*, *supra*.

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Defendant's Second Supplemental Memorandum (ECF No. 100) argues that *Beckles* addressed a vagueness challenge only with respect to the advisory Guidelines, and that such ruling is inapposite to defendants who were sentenced under a mandatory Guideline scheme (*i.e.,* before *United States v. Booker*, 543 U.S. 220 (2005)). Thus,

Defendant asserts that persons sentenced under those circumstances should still be able to pursue relief concerning a Guideline enhancement under *Johnson*.

However, on August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a Guideline sentence thereunder. Therefore, *Johnson* is inapplicable to Defendant's case and affords him no relief, regardless of whether he was sentenced under an advisory or mandatory Guideline scheme.

Additionally, because *Johnson* is inapplicable to Defendant's claim, his section 2255 is otherwise untimely, as it was filed well more than one year after his Judgment became final. *See* 28 U.S.C. § 2255(f)(1). Thus, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any relief on his *Johnson* claim as it pertains to his career offender enhancement of his sentence for armed postal robbery.

    2.    § 924(c) conviction

Turning to Defendant's challenge of his conviction under 18 U.S.C. § 924(c) based upon *Johnson*, on April 17, 2018, the Supreme Court issued its opinion in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), holding that the residual clause contained in 18 U.S.C. § 16(b) is void for vagueness under a similar analysis to that in *Johnson*. More importantly, on June 24, 2019, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended the *Johnson* vagueness analysis to the residual clause contained

in 18 U.S.C. § 924(c)(3)(B). In *Davis*, the Court rejected the government's argument that section 924(c)(3)(B)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. *Id.* at 2327-2336. Thus, the Court determined that, similar to the ACCA and § 16(b), § 924(c)(3) requires a categorical approach to determining whether a crime meets either the force clause contained in subsection (A) or the residual clause contained in subsection (B). Therefore, for the same reasons found by the Court in *Johnson*, the residual clause contained in § 924(c)(3)(B) has been declared void for vagueness. *Id.* at 2336; s*ee also United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (finding that the residual clause of section 924(c) is unconstitutionally vague based upon *Dimaya*).

The new substantive rule recognized by the Supreme Court in *Johnson*, which was declared retroactive by the Court in *Welch*, is extended by the Court to section 924(c) in *Davis* and, thus, it should also be considered to be retroactive on collateral review based upon *Welch*. 136 S. Ct. at 1259 ("new substantive rules do apply retroactively"); *see also United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) ("2255 does not require that the initial retroactivity question be decided in the affirmative *only* by the Supreme Court.") Accordingly, the undersigned will consider *Davis* to be retroactive on collateral review and shall review Defendant's section 924(c) conviction and sentence thereunder.

Because Defendant's amended motion was filed within one year of the Supreme Court's decision in *Johnson*, which first set forth the new substantive rule, the undersigned proposes that the presiding District Judge **FIND** that his motion with respect to his *Johnson*-based challenge to his § 924(c) conviction was timely under 28

U.S.C. § 2255(f)(3) ("The [one-year] limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Additionally, in light of the decisions in *Welch* and *Davis*, Defendant's motion is not premature.

Moreover, to the extent that the government asserts a procedural default defense concerning Defendant's claim that his armed postal robbery offense does not meet the force clause, the presiding District Judge should **FIND** that Defendant is able to establish cause for the failure to previously raise this claim, and prejudice therefrom, because the state of the law at the time of his conviction did not provide a "reasonable basis" for such challenge since the residual clause was a valid alternative means of determining the crime of violence element. *See, e.g., United States v. Sabetta*, 221 F. Supp.3d 210, 225 (D.R.I. 2016); *cf. Reed v. Ross*, 468 U.S. 1 (1984) (setting forth circumstances in which the novelty of a constitutional claim provides cause for a defendant's failure to earlier raise the claim).

However, even presuming that *Davis* is retroactive on collateral review and Defendant's motion is timely filed, armed postal robbery is still, categorically, a crime of violence under § 924(c)'s force clause. *See United States v. Bryant*, 949 F.3d 168, 181 (4th Cir. 2020) (finding a violation of 18 U.S.C. § 2114(a) to be a crime of violence); *see also Rojas-Tapia v. United States,* No. CR 99-309 (DRD), 2020 WL 2096153, at *7 (D.P.R. May 1, 2020) ("the Fourth, Sixth, Seventh and Eleventh Circuits, as well as other district courts, have held that because the statute is divisible, 'the additional life-in-jeopardy-with-a-dangerous-weapon element' transforms an assault in violation of 18

13

U.S.C. § 2114(a) into a crime of violence under the Section 924(c)(3)'s force clause")(other citations omitted). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that armed postal robbery under 18 U.S.C. § 2114(a) is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), that Defendant was properly convicted of a violation of 18 U.S.C. § 924(c)(1)(A), and that his mandatory minimum sentence of seven years for brandishing a firearm during a crime of violence is not in excess of the maximum authorized by law or imposed in violation of the Constitution or laws of the United States. Therefore, Defendant is not entitled to any collateral relief under § 22555 on this basis.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY**, **REINSTATE** this matter to the active docket, **DENY** Defendant's amended motion (ECF No. 71, 83-1, 90 and 100), and **DISMISS** this matter from the docket of the court.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to

which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Defendant and to transmit a copy to counsel of record.

October 8, 2020

Dwane L. Tinsley
United States Magistrate Judge